

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Affirmed by S-115

Hon. Patrick D. Moreland, Commissioner
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-1115
Re: Questions relating to the sale of
property under judgment in favor
of Texas Unemployment Compensation
Commission.

We are in receipt of your letter of July 11,
1939, in which you request an opinion of this department
as follows:

"Civil actions in the name of the State of
Texas and the Attorney General instituted by the
Attorney General at the request of the Texas Un-
employment Compensation Commission in accordance
with the terms of Sections 14(b) and 17(a) of
the Texas Unemployment Compensation Act, Articles
5221-B-12(b) and 5221-B-15(a) have resulted in
judgments in favor of the State and against cer-
tain persons and corporations.

"Your advice is requested on the questions
outlined below which have arisen upon the issu-
ance of the executions in accordance with the
terms of the judgments, levy thereunder, and
sheriff's sale in compliance thereto:

"(1) Is a representative of the Texas Unemploy-
ment Compensation Commission authorized by law
to bid in in the name of the State the property
levied upon?

"(2) If a representative of the Texas Unemploy-
ment Compensation Commission is not authorized
to bid in the property, who is so authorized to

Hon. Patrick D. Moreland, Commissioner, page 2

bid in the property under the laws of this
State?

"(3) When property is bid in at a sheriff's sale
in the name of the State, who is authorized to
pass title to a subsequent purchaser from the
State?

"(4) How is such sale to a subsequent purchaser
accomplished?

"(5) What disposition must be made of purchase
money realized from such sale?

"(6) Would the answer to the above questions ap-
ply to real property as well as personal proper-
ty?"

It is our opinion that Articles 4401 and 4403,
as amended, Vernon's Annotated Civil Statutes, contain
the answers to the various questions submitted.

Article 4401, supra, reads as follows:

"If any property shall be sold by virtue
of any execution, order or sale issued upon any
judgment in favor of the State or sale by virtue
of any deed of trust--except executions issued
upon judgments in cases of scire facias the
agent representing the State by and with the
advice and consent of the Attorney General is
hereby authorized and required to attend such
sales and bid on and buy in for the State said
property when it shall be deemed proper to pro-
tect the interest of the State in the collec-
tion of such judgment and debt. His bid shall
not exceed the amount necessary to satisfy said
judgment and debt and all costs due thereon."

Article 4403, supra, provides:

"The agent or attorney of the State buying
for the State such property at such sales shall
be authorized by and with the advice and con-
sent of the Attorney General, at any time to

sell or otherwise dispose of said property so purchased in the manner acquired and upon such terms and conditions as he may deem most advantageous to the State. If sold or disposed of for a greater amount than is necessary to pay off the amount due upon the judgment or debt, and all costs accrued thereon, the remainder shall be paid into the State Treasury to the credit of the general revenue. When such sale is made, the Attorney General shall, in the name of the State, execute and deliver to the purchaser a deed of conveyance to said property, which deed shall vest all the rights and title to the same in the purchaser thereof."

According to Article 4401, where any property shall be sold by virtue of any execution or order of sale issued upon any judgment in favor of the state, the agent representing the state is authorized to buy in for the state the property where it is necessary to protect the interest of the State. The only condition is that the agent of the State act "by and with the advice and consent of the Attorney General".

Article 4401 would apply in case of a judgment obtained under the Texas Unemployment Compensation Act, Article 5221-B, Vernon's Annotated Statutes, and execution proceedings issued thereunder.

The "agent representing the state" would be the representative of the Commission, and in answer to your first question it is our opinion that he would be authorized by law to bid in the property levied upon in the name of the state, if he acted "with the advice and consent of the Attorney General".

Our answer to your first question also satisfies question No. 2.

In answer to your third question, Article 4403, provides that the agent of the state, buying for the state, has the authority to sell or dispose of said property so purchased at any time in the manner and upon terms and conditions as he may deem most advantageous of the state. Furthermore, it is provided in the Act when such

sale is made the Attorney General shall in the name of the state execute and deliver to the purchaser the deed of conveyance to the property.

Thus, the law provides that the agent of the state shall sell and the Attorney General execute the instrument of sale passing the title to the property sold.

Your fourth question asks "how is such sale to a subsequent purchaser accomplished?" Article 4403 provides that a sale of property shall be made in the manner and upon such terms and conditions as the agent and the Attorney General may deem most advantageous to the state. A wide discretion is allowed, but the paramount consideration is the interest of the state.

As for question No. 5 in your letter, moneys realized on a sale go first to pay off the judgment debt due the Unemployment Compensation Commission; if a surplus exists, it goes to the General Revenue fund of the state of Texas. Article 4403 states that "if sold or disposed of for a greater amount than is necessary to pay off the amount due upon the judgment or debt, and all costs accrued thereon, the remainder shall be paid to the State Treasury to he credit of the General Revenue Fund."

We are of the opinion that Articles 4401 and 4403, supra, apply to both sales of real estate and personal property.

Both articles were originally passed by the Sixteenth Legislature in 1879 at a special session, (Acts 1879, Special Session, p.p. 9-10). The caption designated them "an Act to better provide for and facilitate the collection of all judgments in favor of the state or any county thereunder". Both articles refer to sales of "any property".

Articles 4401 and 4403 were amended by Acts of 1927, Fortieth Legislature, p. 361, ch. 243, ₿ 1. The caption of Senate Bill No. 409, the amending Act, reads as follows:

"An Act to amend Articles 4401 and 4403 of

Hon. Patrick D. Moreland, Commissioner, page 5

    the Revised Civil Statutes of Texas, by provid-
ing that the Attorney General shall be authoris-
ed and required to attend sales of property under
deeds of trust, to bid on, buy in and sell such
property."

    Senate Bill No. 409 of the Fortieth Legislature
simply broadens the original statute to include sales of
land by virtue of any deed of trust, as well as sales of
real estate and personalty by virtue of execution upon a
judgment in favor of the state. Consequently, your last
question is answered in the affirmative.

    Trusting that the above fully answers your in-
quiries, we are

                Yours very truly

                ATTORNEY GENERAL OF TEXAS

             By           Dick Stout
DS:ob                        Assistant

               APPROVED
             OPINION
          COMMITTEE
          BY
          CHAIRMAN

APPROVED AUG 5, 1939

ATTORNEY GENERAL OF TEXAS